IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HALLFORD,

        Plaintiff,                    No. CIV S-05-0573 FCD DAD P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil complaint seeking relief under 42 U.S.C. § 1983.  In compliance with the court's orders filed March 31, 2005, and October 3, 2005, plaintiff has submitted a properly completed application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding has been referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application filed October 18, 2005, makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's request for leave to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $5.00 will be assessed by this order.  <u>See</u> 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

1

1  agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

2  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

3  twenty percent of the preceding month's income credited to his prison trust account.  These

4  payments must be collected and forwarded by the appropriate agency to the Clerk of the Court

5  each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee is paid in

6  full.  See 28 U.S.C. § 1915(b)(2).

7      The court is required to screen all complaints brought by prisoners seeking relief

8  against a governmental entity or any officer or employee of a governmental entity.  See 28 U.S.C.

9  § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," that fail to

10  state a claim upon which relief may be granted, or that seek monetary relief from a defendant

11  who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) and (2).

12      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably

15  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

16  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

17  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

18  Franklin, 745 F.2d at 1227.

19      A claim should be dismissed for failure to state a claim upon which relief may be

20  granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

21  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

22  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

23  claims under this standard, the court accepts as true the allegations of the complaint.  See

24  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes

25  the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's

26  favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    The Civil Rights Act under which this action was filed provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of each defendant and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).

9    "A person 'subjects' another to the deprivation of a constitutional right, within the

10   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11   omits to perform an act which he is legally required to do that causes the deprivation of which

12   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

13   personnel are generally not liable under § 1983 for the actions of their employees under a theory

14   of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

15   link between the defendant and the claimed constitutional violation must be specifically alleged.

16   See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

17   (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

18   personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

19   266, 268 (9th Cir. 1982).

20   In the present case, plaintiff has named the California Department of Corrections

21   as a defendant.  The Eleventh Amendment serves as a jurisdictional bar to suits for damages

22   brought by private parties against a state or any state agency unless the state or the agency

23   consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781

24   (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The

25   California Department of Corrections has not consented to such suits.  Accordingly, plaintiff's

26   claims for damages against this defendant are legally frivolous.

1    Plaintiff seeks injunctive relief in the form of (1) an order directing the California

2    Department of Corrections to abide by the First Amendment and provide appropriate diets for all

3    prisoners with religious dietary restrictions, and (2) an order directing the California Department

4    of Corrections to rescind departmental grooming standards for inmates after the inmates have

5    been classified and their identification has been established.

6    Plaintiff's claims concerning grooming standards are grounded on an allegation of

7    harassment and threats by one correctional officer on an unspecified date.  The court finds that

8    plaintiff's complaint fails to state a cognizable constitutional claim concerning the grooming

9    standards.

10    Plaintiff's claims concerning his religious dietary needs are grounded on

11    allegations that defendants Imam Nasir, Ms. Broomfeld, and Appeals Coordinator T. Dickenson

12    have repeatedly interfered with and/or thwarted plaintiff's efforts to adhere to the vegetarian diet

13    required by his Buddhist faith.  The court finds that plaintiff's complaint states a cognizable

14    claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Nasir,

15    Broomfeld, and Dickenson, to the extent that plaintiff seeks relief on his own behalf.  If the

16    allegations of the complaint are proven against defendants Nasir, Broomfeld, and Dickenson,

17    plaintiff has a reasonable opportunity to prevail on the merits of this action.  Plaintiff has not

18    adequately linked any other defendants to his religious dietary claims.

19    In accordance with the above, IT IS HEREBY ORDERED that:

20    1.  Plaintiff's October 18, 2005 application to proceed in forma pauperis is

21    granted.

22    2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

23    Plaintiff is assessed an initial partial filing fee of $5.00.  All fees shall be collected and paid in

24    accordance with this court's order to the Director of the California Department of Corrections

25    filed concurrently herewith.

26    /////

1        3.  Service of the complaint is appropriate for the following three defendants:

2  Imam Nasir, Ms. Broomfeld, and Appeals Coordinator T. Dickenson.

3        4.  The Clerk of the Court shall send plaintiff three USM-285 forms, one

4  summons, an instruction sheet, and one copy of the complaint filed March 24, 2005.

5        5.  Within thirty days from the date of this order, plaintiff shall complete the

6  attached Notice of Submission of Documents and submit all of the following documents to the

7  court at the same time:

8            a.  The completed, signed Notice of Submission of Documents;

9            b.  One completed summons form;

10           c.  One completed USM-285 form for each defendant listed in number 3

11              above; and

12           d.  Four true and exact copies of the endorsed complaint filed March 24,

13              2005.

14       6.  Plaintiff shall not attempt service of the complaint and summons on defendants

15 or request waiver of service of summons.  Upon receipt of all required documents, the court will

16 direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule

17 of Civil Procedure 4 without payment of costs.

18 DATED: October 21, 2005.

19

20                                    DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE

21 DAD:13
   hall0573.1

22

23

24

25

26

                                     5

1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GARY HALLFORD,

11              Plaintiff,                    No. CIV S-05-0573 FCD DAD P

12        vs.

13    CALIFORNIA DEPARTMENT
      OF CORRECTIONS, et al.,                 NOTICE OF SUBMISSION
14
                Defendants.                   OF DOCUMENTS
15    _____/

16              Plaintiff hereby submits the following documents in compliance with the court's

17    order filed _____:

18              _____        one completed summons form;

19              _____        three completed USM-285 forms; and

20              _____        four true and exact copies of the complaint filed March 24, 2005.

21    DATED: _____.

22

23                                            _____
                                              Plaintiff
24

25

26