1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY HALLFORD,

11          Plaintiff,                    No. CIV S-05-0573 FCD DAD P

12      vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.

14
            Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action.  The

17   matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b) of the Federal

18   Rules of Civil Procedure for failure to exhaust available administrative remedies.

19                              BACKGROUND

20          On March 24, 2005, plaintiff filed a civil rights complaint concerning certain

21   conditions of his confinement at California State Prison-Solano (CSP-Solano).  By order filed

22   October 24, 2005, the court determined that the complaint appears to state a cognizable claim for

23   relief concerning plaintiff's religious dietary needs.  The court authorized service of the

24   complaint on defendants Imam Nasir, Ms. Broomfeld, and Appeals Coordinator T. Dickenson on

25   the basis of plaintiff's allegation that these defendants repeatedly interfered with and/or thwarted

26   plaintiff's efforts to adhere to the vegetarian diet required by his Buddhist faith.

                                    1

1    In response to the court's October 24, 2005 order, plaintiff submitted the

2  documents required for service of process on defendants Nasir, Broomfeld, and Dickenson.  On

3  November 8, 2005, the United States Marshal was directed to serve the complaint on the three

4  defendants.

5    Pursuant to a series of extensions of time granted by the court, defendants filed

6  their motion to dismiss on April 19, 2006.  Plaintiff filed timely opposition to the motion, and

7  defendants filed a timely reply.  Plaintiff subsequently filed a reply to defendants' reply.

8                          DEFENDANTS' MOTION TO DISMISS

9    Defendants move to dismiss this case under non-enumerated Rule 12(b) of the

10  Federal Rules of Civil Procedure on the ground that plaintiff failed to exhaust his administrative

11  remedies before he filed this lawsuit.  (Id.)

12    For purposes of determining whether plaintiff exhausted available administrative

13  remedies on his religious diet claim, defendants offer the following summary of the facts alleged

14  in plaintiff's complaint:  plaintiff has been a practicing Buddhist for over twenty years; he

15  submitted three requests to the chaplain's office to be allowed to receive a vegetarian diet; when

16  he received no response to any of the requests, plaintiff submitted an inmate appeal to the

17  chaplaincy; when he received no response to the inmate appeal, he submitted an inmate appeal to

18  the chaplains' supervisor; plaintiff was interviewed by Lieutenant Miles with respect to the latter

19  appeal, and the lieutenant recommended that plaintiff fill out a new religious diet request form;

20  plaintiff completed a new request and gave it to Lieutenant Miles; after more than thirty days

21  passed without a response, plaintiff spoke to Lieutenant Miles on the telephone and told the

22  lieutenant he would take legal action, despite the fact that Lieutenant Miles said he would speak

23  to the chaplain's office; plaintiff believes the inmate appeal process at the institution is

24  inadequate.

25    Defendants note that plaintiff alleges in his complaint that he exhausted

26  administrative remedies.  Defendants assert, however, that plaintiff's central file contains no

1  record of plaintiff having pursued his religious diet claims to the third formal level of appeal

2  before filing this suit on March 24, 2005.

3        Defendants note plaintiff's appeal No. CSP-S-05-02688, which includes a

4  complaint about not receiving a "no meat" card.  The appeal is dated August 15, 2005, almost

5  five months after plaintiff filed this action.  The informal response dated September 4, 2005,

6  indicates that plaintiff's appeal was partially granted and plaintiff was to receive a dietary card.

7  The appeal to the first formal level is dated September 23, 2005, and was received in the appeals

8  office on September 28, 2005.  In his appeal to the first formal level, plaintiff stated that he had

9  in fact received a "no meat" card on September 15, 2005.  Institutional records show that, as of

10  December 22, 2005, plaintiff had not pursued the appeal to the second and third formal levels.

11  (Def'ts' Mot. to Dismiss, Exs. A & B.)

12        Defendants note an earlier appeal related to plaintiff's complaint about a "no

13  meat" diet card.  In appeal No. CSP-S-04-03108, dated September 19, 2004, plaintiff complained

14  that he made three requests to the chaplain's office for a "no meat" card and received no

15  responses.  The response at the informal level, dated September 24, 2004, indicated that the

16  proper procedure for obtaining a "no meat" card is to fill out a No Meat Application at the

17  Interfaith Chapel.  The response stated that a copy of the form was attached to the appeal being

18  returned to plaintiff.  On September 25, 2004, plaintiff filed the appeal at the first formal level.

19  He was interviewed by Lieutenant Miles on October 13, 2004.  He completed a "no meat"

20  application, turned it over to Lieutenant Miles, said he was satisfied with the response to his

21  appeal, and withdrew his appeal.  Lieutenant Miles signed off on the appeal form on October 13,

22  2004, and defendant Brumfield (sued as Broomfeld) signed off on the form on October 14, 2004.

23  The appeal tracking system also indicates that the appeal was withdrawn.  (Id., Exs. A & B.)

24        Defendants argue that plaintiff failed to exhaust available administrative remedies

25  because one of his two appeals concerning a "no meat" diet was filed after this action was

26  commenced and neither appeal was pursued to the third formal level.

1                          PLAINTIFF'S OPPOSITION

2            Plaintiff asserts that "a prisoner must only exhaust when a valid and equitable

3   appeals process exists." (Pl.'s Opp'n to Mot. to Dismiss at 1.)  He argues that exhaustion is

4   pointless when the appeals process provides only countless arbitrary delays or when the system is

5   operated in such a way as to violate the First Amendment.  Plaintiff states that on numerous

6   occasions it has taken up to nine months to obtain a director's level response to a grievance.

7   Plaintiff also claims that procedures are inconsistent.  He concludes that there is no adequate

8   appeal system at CSP-Solano.

9            Plaintiff cites cases holding that a prisoner's administrative remedies are deemed

10  exhausted when a valid grievance has been filed and the state's time for responding thereto has

11  expired.  Plaintiff also cites cases holding that a non-response renders the remedy unavailable,

12  that a prisoner who made reasonable attempts to file and prosecute grievances had exhausted his

13  administrative remedies when his grievances were ignored, and that exhaustion is complete when

14  a prisoner has exhausted those administrative remedies that are available.  Plaintiff contends that

15  defendants' motion should be "ignored" and that his proposed amended complaint should be

16  served on all defendants.

17           Plaintiff does not address the facts presented by defendants concerning exhaustion

18  of his claim concerning a "no meat" diet card.  Nor does plaintiff offer any evidence of his own

19  in this regard.

20                          DEFENDANTS' REPLY

21           Defendants assert that their motion should be granted because plaintiff failed to

22  exhaust his administrative remedies before filing this action and the reason given for not

23  exhausting does not excuse the failure to exhaust.  Defendants reiterate that plaintiff filed only

24  two relevant appeals, withdrew one of them, and filed the other after this action was filed.

25           Defendants argue that the cases cited by plaintiff are not on point except for Lewis

26  v. Washington, 300 F.3d 829 (7th Cir. 2003).  In that case, defendants explain, the inmate had

                                      4

1   argued that he was not required to exhaust administrative remedies because the prison officials'

2   failure to respond to many of his grievances and requests rendered the inmate appeal process

3   unavailable as an administrative remedy.  The court in Lewis agreed that an inmate is required to

4   exhaust only such administrative remedies as are available, but the court found that the prison

5   officials had responded to the inmate's appeal regarding the incident at issue and that the prisoner

6   had failed to exhaust administrative remedies that were available to him.  Defendants assert that

7   the same situation is present here:  plaintiff withdrew his first appeal at the first formal level and

8   submitted his second appeal after this action was filed.  Defendants conclude that plaintiff failed

9   to exhaust available administrative remedies and that their motion to dismiss should be granted.

10                              PLAINTIFF'S REPLY TO REPLY

11              The proper briefing of a motion in this court consists of the moving party's

12   motion, the responding party's opposition or statement of non-opposition, and the moving party's

13   optional reply to opposition.  Local Rule 78-230(m).  The rule does not authorize the filing of a

14   reply to a reply, and a motion is deemed submitted for decision upon the earlier of the filing of

15   the movant's reply or the expiration of the time for filing such a reply.  Id.  The court is not

16   required to consider an unauthorized reply to a reply.  In light of plaintiff's pro se status,

17   however, the undersigned has considered his reply.

18              Plaintiff reiterates his assertion of ongoing interference with his First Amendment

19   right to petition the government for redress of grievances.  He attacks the grievance process

20   within the CDCR in general and at CSP-Solano in particular.  Plaintiff offers a conclusory

21   assertion that prison officials violate inmates' rights by coercing them into withdrawing

22   grievances or by making false promises that lead them withdraw grievances.  Plaintiff offers no

23   allegation or evidence that Lieutenant Miles coerced him into withdrawing his first inmate appeal

24   on the religious diet issue or that the lieutenant made a false promise that led him to withdraw

25   any appeal.  Plaintiff's accusations concerning the appeal system are not supported by any

26   evidence with respect to the two appeals addressing his religious diet.

ANALYSIS

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382 (2006). Prisoners must exhaust administrative remedies before submitting any papers to the federal courts. Vaden v. Summerhill, 449 F.3d 1047, 1048, 1051 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

1          The PLRA exhaustion requirement creates an affirmative defense that a defendant

2     may raise in an unenumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1117-19 &

3     nn.9 & 13 (9th Cir. 2003).  The defendant bears the burden of raising and proving the absence of

4     exhaustion.  315 F.3d at 1119.  "In deciding a motion to dismiss for a failure to exhaust

5     nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of

6     fact."  Id. at 1119-20.  "I[f] the district court looks beyond the pleadings to a factual record in

7     deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary

8     judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to

9     develop a record."  Id. at 1120 n.14.  When the district court concludes that the prisoner has not

10    exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim

11    without prejudice."  Id. at 1120.

12          In this case, plaintiff was notified of the requirements for opposing a motion to

13    dismiss brought pursuant to non-enumerated Rule 12(b).  (See Order filed Nov. 8, 2005, at 3-4.)

14    Plaintiff was advised that (1) defendants may submit affidavits or declarations and admissible

15    documentation to support the motion, (2) plaintiff may also file declarations and admissible

16    documentation, (3) plaintiff may rely on statements made under penalty of perjury in his

17    complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

18    plaintiff calls to the court's attention those parts of the complaint upon which he relies, (4)

19    plaintiff may serve and file declarations by other persons who have personal knowledge of

20    relevant matters, (5) plaintiff may rely on written records if he proves that the records are what he

21    claims they are, (6) if plaintiff fails to contradict defendants' evidence with admissible evidence,

22    the court may rely on defendants' evidence, and (7) if both sides submit evidence, the court may

23    look beyond the pleadings and decide disputed issues of fact.

24          In the absence of admissible evidence to the contrary, the undersigned relies on

25    defendants' evidence that plaintiff (1) filed only two inmate appeals concerning his religious diet,

26    (2) withdrew the first of the two appeals at the first formal level on October 14, 2004, and took

1    no action to reinstate it, and (3) submitted the second of the two appeals more than four months

2    after this action was filed.

3                Plaintiff's second appeal is irrelevant in this case because an inmate must exhaust

4    administrative remedies before submitting any papers to the federal courts.  See Vaden, 449 F.3d

5    at 1048 & 1051; Butler, 397 F.3d at 1183; McKinney, 311 F.3d at 1200-01; Bennett, 293 F.3d at

6    1098.  Because plaintiff did not initiate the second appeal until after this case was filed, that

7    appeal did not serve to exhaust any claim alleged in this action.

8                Plaintiff's first appeal was terminated by plaintiff himself at the first formal level.

9    There is no evidence that plaintiff's failure to proceed to the second and third formal levels was

10   caused by any flaw in the state's grievance system or any unreasonable delay in responding to the

11   grievance.  Moreover, plaintiff's argument that the appeal process must be "valid and equitable"

12   is contrary to law.  Prior to the enactment of the PLRA, 42 U.S.C. § 1997e provided that

13               in any action brought pursuant to section 1983 of this title by an
             adult convicted of a crime confined in any jail, prison, or other
14           correctional facility, the court shall, if the court believes that such a
             requirement would be appropriate and in the interests of justice,
15           continue such case for a period of not to exceed 180 days in order
             to require exhaustion of such plain, speedy, and effective
16           administrative remedies as are available.

17   42 U.S.C. § 1997e(a)(1) (prior to 1996 amendment).  By enacting the PLRA amendments to §

18   1997e, Congress expressly eliminated both the courts' authority to stay prisoner civil rights

19   actions and the federal requirement that available administrative remedies be "plain, speedy, and

20   effective."

21               Defendants have borne their burden of raising and proving plaintiff's failure to

22   exhaust his claim concerning religious dietary needs.  The court has looked beyond the pleadings

23   to defendants' factual record concerning plaintiff's exhaustion.  The court provided plaintiff with

24   fair notice of his opportunity to develop a record, and he failed to contradict defendants' record

25   with admissible evidence of his own.  The court finds that plaintiff did not exhaust available

26   /////

1    administrative remedies on his religious diet claim.  This action should be dismissed without

2    prejudice.

                                      OTHER MATTERS

4              On December 22, 2005, plaintiff submitted a proposed amended complaint.  In an

5    accompanying letter, plaintiff states that he has "refined" his complaint.  (Pl.'s Letter to Clerk

6    filed Dec. 22, 2005, at 1.)  In the pleading itself, plaintiff states that the "amended complaint will

7    clarify some issues improperly addressed in the original complaint, and will more properly

8    inform the court of plaintiff's problems relating to Free Exercise of Religion."  (Pl.'s Proposed

9    Am. Compl. filed Dec. 22, 2005, at 1-2.)  Neither the complaint nor the cover letter was served

10   on defendants.  The court finds that the proposed amended pleading does not allege any

11   cognizable claim that was exhausted prior to March 22, 2005.  The proposed amended complaint

12   will be disregarded.

13             On October 23, 2006, plaintiff filed a document titled "Request for Injunctive

14   Relief Against Coercive Contract that Violates Constitutional Rights, and International Treaties."

15   Plaintiff complains of the terms on which he is permitted to have a "no meat" diet card.  He seeks

16   a court order requiring specific revisions to the religious diet program agreement form used

17   statewide in California prisons.  The request should be denied because plaintiff did not serve the

18   document on defendants, did not include a brief on the legal issues, and seeks relief on

19   unexhausted claims.[1]

20             Accordingly, IT IS HEREBY RECOMMENDED that:

21             1.  Defendants' April 19, 2006 motion to dismiss be granted;

22             2.  Plaintiff's October 23, 2006 request for injunctive relief be denied; and

23             3.  This action be dismissed without prejudice.

24   /////

25

26       [1]  The parties are not required to file opposition to requests for injunctive relief unless the
     court orders that opposition be filed.  (Order filed Nov. 8, 2005, at 3.)

                                            9

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3  days after being served with these findings and recommendations, any party may file and serve

4  written objections with the court.  A document containing objections should be titled "Objections

5  to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed

6  and served within ten days after service of the objections.  The parties are advised that failure to

7  file objections within the specified time may, under certain circumstances, waive the right to

8  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  DATED: December 20, 2006.

10

11  _____

   DALE A. DROZD

12  UNITED STATES MAGISTRATE JUDGE

13  DAD:13
   hall0573.mtd

14

15

16

17

18

19

20

21

22

23

24

25

26