IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HALLFORD,

    Plaintiff,                    No. CIV S-05-0573 FCD DAD P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.              ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. Pending before the court are plaintiff's motion for sanctions and motion to compel.

**PLAINTIFF'S MOTION FOR SANCTIONS**

I. <u>The Parties' Arguments</u>

        In his first motion, plaintiff seeks the imposition of sanctions against defense counsel and defendants for improperly serving plaintiff with case documents. Specifically, plaintiff contends that defense counsel has addressed case documents to plaintiff at California State Prison, Sacramento, but he is incarcerated at Old Folsom State Prison. (Pl.'s Mot. for Sanctions at 1-3.)

        In opposition to plaintiff's motion, defense counsel contends that based on faulty information provided by prison officials, support staff at the Attorney General's Office mailed

1

plaintiff's notice of deposition to California State Prison, Sacramento. Upon learning of the mistake, support staff mailed plaintiff a second notice of deposition to his correct address at Old Folsom State Prison. According to defense counsel, plaintiff ultimately received both notices of deposition within the fourteen-day period required by the court's discovery order, and his deposition took place on November 13, 2009. Counsel contends that neither she nor defendants have committed any misconduct in this regard. (Defs.' Opp'n to Pl.'s Mot. for Sanctions at 1, 3-4.) Nor, according to defense counsel, have they refused to obey a court order or created any impediment or delay to frustrate plaintiff's case.

In reply, plaintiff contends that he has communicated with this court from three different prisons. He has never communicated with the court from California State Prison, Sacramento. Plaintiff notes that he holds no animosity towards defense counsel but believes the court should order the California State Auditor to investigate misdirected legal mail. (Pl.'s Reply at 3-4.)

II. Discussion

Defense counsel and defendants' conduct in this case does not warrant the imposition of sanctions. Although the Attorney General's Office initially mailed plaintiff's notice of deposition to California State Prison, Sacramento, defense counsel remedied the mailing error shortly thereafter by sending plaintiff a second notice of deposition to Old Folsom State Prison. Ultimately, plaintiff received both notices in time for his deposition. In this regard, defense counsel and defendants have not failed to obey any court orders and have not created any impediment to plaintiff prosecuting this case. See Fed. R. Civ. P. 37. Accordingly, the court will deny plaintiff's motion for sanctions.

**PLAINTIFF'S MOTION TO COMPEL**

I. The Parties' Arguments

In his motion to compel, plaintiff seeks a court order requiring defense counsel to provide him with a copy of his deposition transcript. Plaintiff also appears to seek a court order

requiring defense counsel to provide him with a generalized salary schedule for employees in defendants' positions for settlement offer purposes. (Pl.'s Mot. to Compel at 1-3.)

In opposition to plaintiff's motion, defense counsel argues that plaintiff's request for a copy of his deposition transcript is improper. Counsel argues that plaintiff has made no contention that he needs a transcript of the deposition or that the fee charged by the court reporter for that transcript is unreasonable. Counsel contends that, if plaintiff believes a copy of the transcript is necessary, the Federal Rules of Civil Procedure require him to purchase a copy from the court reporter and that it is not a proper discovery request to request that the defendants produce a copy to him. (Defs.' Opp'n to Pl.'s Mot. to Compel. at 1, 2-3.)

In reply, plaintiff argues that he willingly participated in his deposition and made clear that he expected a copy of the transcript for his records and to refer to during any jury trial. According to plaintiff, it is ethically questionable to depose an individual and then deny him access to a copy of the statements he made under penalty of perjury. (Pl.'s Reply at 1-2.)

II. Discussion

There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript. See 28 U.S.C. § 1915(d). See also Whittenberg v. Roll, No. CIV S-04-2313 FCD JFM P, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge). Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of the recording of a deposition taken by different method. The officer must also provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. The court will not order defense counsel or the defendants to provide plaintiff with a copy of his deposition transcript. Plaintiff must obtain it from the officer before whom the deposition was taken. See Claiborne v. Battery, No. CIV S-06-2919, 2009 WL 530352 at *3 (E.D. Cal. Mar. 3, 2009) (denying plaintiff's request for a court order directing the

defendant to provide him with a copy of his deposition transcript); Brown v. Castillo, No. CV F-02-6018 AWI DLB, 2006 WL 1408452 at *1 (E.D. Cal. May 22, 2006) (same).

In addition, the court will not order defense counsel to provide plaintiff with a copy of salary schedules for employees in defendants' positions for settlement-offer purposes. First, it is not clear from plaintiff's motion to compel whether he has previously sought this information from defendants through an interrogatory or request for production of documents. Thus, it is not clear whether the salary information plaintiff seeks is the proper subject of his motion to compel. See Fed. R. Civ. P. 37. In addition, neither defense counsel nor the defendants have indicated that they are interested in settling this case or that settlement is a possibility. Nor has plaintiff made a satisfactory showing that the information he seeks is relevant to the merits of his claims or request for damages in this case. See generally 23 Am. Jur. 2d Depositions and Discovery § 28 (2010) ("The federal discovery rules and similar state rules ordinarily do not permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, since such matters are not relevant to the trial issues and cannot lead to the discovery of admissible evidence."). Accordingly, the court will deny plaintiff's motion to compel.

**CONCLUSION**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (Doc. No. 60) is denied; and
2. Plaintiff's motion to compel (Doc. No. 61) is denied.

DATED: March 12, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hall0573.mots

4